**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Weekend Health, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | Well Holdings, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 85-1766812 |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | 675 Avenue of the Americas, 6th Floor, New York, NY 10010 | |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **New York County** | **Location of principal assets, if different from principal place of business** |
| | | County | |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | healthylivingcoalition.org<br>weightwatchers.com<br>wwofwestvirginia.com<br>wwofmiddleeasttn.com<br>weight-watcher-recipe.net<br>americastopdiet.com<br>weightwatchersonlineformen.com<br>campaignforwellness.com<br>weightwatchersmagazine.org<br>weightwatcherscruises.com<br>weightwatchersmagazine.net<br>weightwatchers-recipes.net<br>wwcruise.com<br>weightwatcherspa.com<br>wwfresh.com<br>ww.com<br>ww.cl<br>weight-watcher.net<br>weightwatchersonline.com<br>joinsequence.com<br>weekendhealth.com<br>weightwachters.com<br>weight-watchers-recipes.net<br>weightwatchers.net<br>wello.com<br>bemyrunningmate.com |

Debtor   **Weekend Health, Inc.**                                                    Case number (*if known*) _____
         Name

---

**6.   Type of debtor**          ☒  Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

                                 ☐  Partnership (excluding LLP)

                                 ☐  Other. Specify: _____

---

**7.   Describe debtor's business**   A. *Check one:*

                                 ☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

                                 ☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

                                 ☐  Railroad (as defined in 11 U.S.C. § 101(44))

                                 ☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

                                 ☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

                                 ☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

                                 ☒  None of the above

                                 B. *Check all that apply*

                                 ☐  Tax-exempt entity (as described in 26 U.S.C. §501)

                                 ☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

                                 ☐  Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

                                 C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
                                    http://www.uscourts.gov/four-digit-national-association-naics-codes.
                                    ___8121___

---

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

                                 ☐  Chapter 7

                                 ☐  Chapter 9

                                 ☒  Chapter 11. *Check all that apply*:

                                        ☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)
                                           are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

                                        ☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small
                                           business debtor, attach the most recent balance sheet, statement of operations, cash-flow
                                           statement, and federal income tax return or if all of these documents do not exist, follow the
                                           procedure in 11 U.S.C. § 1116(1)(B).

                                        ☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to
                                           proceed under Subchapter V of Chapter 11.

                                        ☒  A plan is being filed with this petition.

                                        ☒  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in
                                           accordance with 11 U.S.C. § 1126(b).

                                        ☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and
                                           Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the
                                           *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11*
                                           (Official Form 201A) with this form.

                                        ☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

                                 ☐  Chapter 12

---

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**   ☒  No.

If more than 2 cases, attach a separate list.          ☐  Yes.

                                 District _____  When _____  Case number _____
                                 District _____  When _____  Case number _____

---

Debtor    **Weekend Health, Inc.**                                                      Case number (*if known*) _____
_____
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor    **See Attached Rider 1**_____    Relationship _____
District _____ When _____    Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
Contact name _____
Phone _____

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

*Consolidated for all Debtors

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☒ More than100,000

**15. Estimated Assets**

*Consolidated for all Debtors

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☒ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Weekend Health, Inc.** | Case number (*if known*) | |
| | Name | | |

**16.  Estimated liabilities**

| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☒ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**\*Consolidated for all Debtors**

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **05/06/2025**
                        MM / DD / YYYY

X  **/s/ Felicia DellaFortuna**                              **Felicia DellaFortuna**
   Signature of authorized representative of debtor          Printed name

Title    **Chief Financial Officer**

---

**18. Signature of attorney**

X  **/s/ Edmon L. Morton**                    Date  **05/06/2025**
   Signature of attorney for debtor                 MM / DD / YYYY

   **Edmon L. Morton**
   Printed name

   **Young Conaway Stargatt & Taylor, LLP**
   Firm name

   **Rodney Square**
   **1000 N. King Street**
   **Wilmington, DE 19801**
   Number, Street, City, State & ZIP Code

   Contact phone    **302-571-6600**      Email address    **emorton@ycst.com**

   **3856 DE**
   Bar number and State

## Schedule 1

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| WW North America Holdings, LLC | 52-1656141 |
| WW International, Inc. | 11-6040273 |
| W Holdco, Inc. | 82-5084087 |
| Weekend Health, Inc. | 85-1766812 |
| WW Canada Holdco, Inc. | 88-4275680 |
| WW Health Solutions, Inc. | 85-1603859 |
| WW.com, LLC | 11-3514196 |
| WW NewCo, Inc. | N/A |

## RESOLUTIONS OF THE BOARD OF DIRECTORS
## OF
## WW INTERNATIONAL, INC.
### a Virginia corporation

### May 6, 2025

The following resolutions are presented for approval by the Board of Directors (the "Board") of WW International, Inc., a Virginia corporation (the "Corporation"), and acting hereunder the Board hereby adopts the following resolutions pursuant to the Amended and Restated Bylaws of the Corporation:

**WHEREAS,** the Board and the debt subcommittee of the Board (the "Debt Subcommittee") have each previously discussed at multiple meetings a potential deleveraging transaction to be implemented with support from an ad hoc group of creditors holding more than two-thirds of the aggregate outstanding principal amount of the Corporation's term loan facility (the "Term Loan Facility"), the Corporation's revolving credit facility (the "Revolving Credit Facility") and the Corporation's 4.500% Senior Secured Notes due 2029 (the "Notes") (such holders, the "Ad Hoc Group");

**WHEREAS**, with authorization of and direction by the Board and regular input and direction by the Debt Subcommittee, management of the Corporation, with the support of its professional advisors, negotiated with the Ad Hoc Group to come to agreement on such a deleveraging transaction;

**WHEREAS**, after negotiation by management of the Corporation and the Corporation's advisory team with the Ad Hoc Group, management of the Corporation presented a proposed set of terms for certain deleveraging transactions to the Debt Subcommittee (the "Restructuring Transactions") which include: (a) through the Restructuring Transactions, the existing holders of (i) the Term Loan Facility, the Revolving Credit Facility and the Notes will be entitled to receive their pro rata share of (A) $465 million aggregate principal amount of senior secured takeback debt due 2030 (that may be in the form of term loans or notes at the option of the holders) and (B) 91% of the new common equity of the Corporation (or its successor) after reorganization in the Restructuring Transactions and (ii) the Corporation's existing common stock will be entitled to receive their pro rata share of 9% of the new common equity of the Corporation (or its successor) after reorganization in the Restructuring Transactions, (b) through the Restructuring Transactions, the Term Loan Facility, the Revolving Credit Facility and the Notes will be terminated in full and all existing equity of the Corporation will be cancelled, and (c) the Restructuring Transactions will be implemented through a prepackaged process under chapter 11 of title 11 of the United States Code

(the "<u>Bankruptcy Code</u>") pursuant to the terms and conditions set forth in the RSA (as defined below);

WHEREAS, the Debt Subcommittee has considered the terms of the Restructuring Transactions and recommended to the Board that the Board approve: (a) the entry by the Corporation and certain of its subsidiaries who are guarantors of the Term Loan Facility, Revolving Credit Facility and Notes (collectively, the "<u>Guarantors</u>") into a restructuring support agreement with certain members of the Ad Hoc Group (the "<u>Consenting Creditors</u>"), substantially in the form attached hereto as <u>Exhibit A</u> (together will all annexes (including a restructuring term sheet annexed thereto) and exhibits thereto, the "<u>RSA</u>"), whereby the Consenting Creditors will agree to support the Restructuring Transactions on the terms and conditions set forth therein; (b) the filing of petitions by the Corporation and the Guarantors to commence proceedings (collectively, the "<u>Chapter 11 Case</u>") under the Bankruptcy Code; (c) the chapter 11 plan (together with any exhibits and other attachments annexed thereto, the "<u>Plan</u>") and the associated disclosure statement (together with any exhibits and other attachments annexed thereto, the "<u>Disclosure Statement</u>"); (d) the granting of certain adequate protection to the Prepetition Secured Creditors in connection with the use of Cash Collateral (each as defined below); and (e) the retention of certain advisors in connection with the foregoing;

WHEREAS, pursuant to the recommendation of the Debt Subcommittee, the Board, in accordance with its good faith business judgment of the best interests of the Corporation, has determined it is advisable and in the best interests of the Corporation, the Guarantors, and their stakeholders to: (a) enter into the RSA and, consistent therewith, commence solicitation of the Plan with the Disclosure Statement, (b) file petitions commencing the Chapter 11 Case, (c) file the Plan and the Disclosure Statement, (d) grant certain adequate protection to the Prepetition Secured Creditors in connection with the use of Cash Collateral, and (e) retain certain advisors in connection with the foregoing; and

## I.    <u>Entry into RSA and Commencement of the Chapter 11 Case</u>

**NOW THEREFORE BE IT RESOLVED**, that pursuant to the recommendation of the Debt Subcommittee, and subject to any material changes being approved by the members of the Debt Subcommittee, the Corporation's entry into the RSA, substantially in the form attached hereto as Exhibit A, and commencement of solicitation of the Plan consistent with the RSA, and the Corporation and each Guarantors' performance of their obligations under the RSA, each be, and hereby are, authorized, approved and ratified in all respects; and be it

**RESOLVED, FURTHER,** that, in accordance with the RSA, any manager, officer or director of the Corporation (each, an "<u>Authorized Person</u>"), in each case, acting singly

or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file, in the name and on behalf of the Corporation, all petitions, schedules, statements, motions, lists, applications, pleadings, and other documents (the "<u>Chapter 11 Filings</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") (with such changes therein and additions thereto as any such Authorized Person may deem required, necessary, appropriate, desirable, or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that such Authorized Person deemed such changes to meet such standard); and be it

**RESOLVED, FURTHER,** that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Corporation, to take and perform any and all further acts and deeds that such Authorized Person deems required, necessary, appropriate, desirable, or advisable in connection with the RSA, the Chapter 11 Case or the Chapter 11 Filings, including (a) engaging and retaining all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, (b) paying fees, expenses, and taxes, and (c) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, motions, pleadings, applications, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that any such Authorized Person deemed the same to meet such standard); and be it

## II.        <u>Filing of Plan and Disclosure Statement</u>

**RESOLVED, FURTHER,** that, pursuant to the recommendation of the Debt Subcommittee, the Board, in accordance with its good faith business judgment of the best interests of the Corporation, in considering all alternatives, in connection with the Chapter 11 Case, deems it in the best of interest of the Corporation, the Guarantors, and their stakeholders to file the Plan and the Disclosure Statement; and be it

**RESOLVED, FURTHER,** that the Board hereby delegates to each Authorized Person the authority to approve the form, terms, and provisions of the Plan and the Disclosure Statement and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the Corporation, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and be it

**RESOLVED, FURTHER**, that any Authorized Person of the Corporation, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the

Plan and the Disclosure Statement together with such other documents, agreements, instruments, notices, and certificates as may be required by the Plan and the Disclosure Statement; and be it

**RESOLVED, FURTHER**, that any Authorized Person of the Corporation, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Plan and the Disclosure Statement and/or any related documents which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and be it

### III.        Cash Collateral and Adequate Protection

**RESOLVED, FURTHER,** that pursuant to the recommendation of the Debt Subcommittee, the Board, in accordance with its good faith business judgment of the best interests of the Corporation and in considering all alternatives, in connection with the Chapter 11 Case, deems it in the best of interest of the Corporation, the Guarantors, and their stakeholders to obtain the benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured creditors of the Corporation (collectively, the "Prepetition Secured Creditors"); and be it

**RESOLVED, FURTHER,** that, to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Corporation is authorized to provide certain adequate protection to the Prepetition Secured Creditors (the "Adequate Protection Obligations"), as documented in one or more orders of the Bankruptcy Court which authorize, among other matters, the Corporation to use Cash Collateral and provide adequate protection to the Prepetition Secured Creditors with such changes, additions, and modifications thereto as an Authorized Person shall approve; and be it

**RESOLVED, FURTHER**, that the Corporation be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Order; and be it

**RESOLVED, FURTHER**, that each Authorized Person of the Corporation, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Corporation, to cause the Corporation to negotiate and approve the terms, provisions of, and performance of, and to prepare and deliver the Cash Collateral Order; and be it

**RESOLVED, FURTHER**, that each Authorized Person of the Corporation, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Corporation, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the Cash Collateral Order and any documents and budgets in relation thereto (the "Cash Collateral Documents"), which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable to perform such Corporation's obligations under or in connection with the Cash Collateral Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it

**RESOLVED, FURTHER**, that each Authorized Person of the Corporation, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Corporation, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable; and be it

### IV.    <u>Retention of Advisors</u>

**RESOLVED, FURTHER**, that the Corporation and the Guarantors are hereby authorized to retain the firm of Alvarez & Marsal North America, LLC, located at 600 Madison Avenue, New York, NY 10022, as financial and restructuring advisor for the Corporation in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it

**RESOLVED, FURTHER**, that the Corporation and the Guarantors are hereby authorized to retain the law firm of Simpson Thacher & Bartlett LLP, located at 425 Lexington Avenue, New York, NY 10017, as attorneys for the Corporation in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it

**RESOLVED, FURTHER**, that the Corporation and the Guarantors are hereby authorized to retain the firm of Kroll Restructuring Administration LLC, located at 1 World Trade Center, 31st Floor, New York, NY 10007, as claims, noticing, and solicitation agent for the Corporation in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it

**RESOLVED, FURTHER**, that the Corporation and the Guarantors are hereby authorized to retain the law firm of Young Conaway Stargatt & Taylor, LLP, located at Rodney Square, 1000 North King Street, Wilmington, DE 19801, as local counsel for the Corporation in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it

**RESOLVED, FURTHER**, that the Corporation and the Guarantors are hereby authorized to retain the firm of PJT Partners LP, located at 280 Park Avenue, New York,

NY 10017, as investment banker for the Corporation in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it

**RESOLVED, FURTHER**, that the Corporation and the Guarantors are hereby authorized to retain the firm of Matthews South, LLC, located at 1700 South El Camino Real, Suite 345, San Mateo, CA 94402, as financial advisor for the Corporation in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it

**RESOLVED, FURTHER**, that the Corporation and the Guarantors are hereby authorized to engage any other professionals as the Debt Subcommittee or any Authorized Person hereafter determine may be necessary, proper, or advisable to assist the Corporation in carrying out its duties under the Bankruptcy Code or in the Chapter 11 Case, and all related matters and to take any and all actions to advance the Corporation's rights and obligations in connection therewith; and be it

## V.    General Authorization and Ratification

**RESOLVED, FURTHER**, that the Corporation is hereby authorized to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including (a) the payment of any consideration and (b) the payment of fees, expenses, and taxes) that any Authorized Person deems required, necessary, appropriate, desirable, or advisable in connection with the Corporation's Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Case; and be it

**RESOLVED, FURTHER**, that any and all past actions heretofore taken by any Authorized Person, manager, officer, or director of the Corporation, in the name and on behalf of the Corporation, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Corporation; and be it

**RESOLVED, FURTHER**, that the Authorized Persons, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Corporation, to take or cause to be taken all such further actions, including, but not limited to, (a) the negotiation of such additional agreements, joinders, amendments, supplements, consents, waivers, reports, documents, instruments, applications, notes, court pleadings, or certificates, currently unknown but which may be required, (b) the negotiation of such changes and additions to any agreements, amendments, supplements, consents, waivers, reports, documents, instruments, applications, notes court pleadings, or certificates, currently existing or currently unknown, but which may be required, (c) the execution,

delivery, filing (if applicable), and performance of any of the foregoing, and (d) the payment of all fees, consent payments, taxes, indemnitees, and other expenses as such Authorized Person, in his or her sole discretion, may approve or deem required, necessary, appropriate, desirable, or advisable in order to carry out the intent and accomplish the purposes of the foregoing resolutions, and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so required, necessary, appropriate, desirable, or advisable; and that all such actions, executions, deliveries, filings, and payments taken or made at any time in connection with the transactions contemplated by the foregoing resolutions are hereby approved, adopted, ratified, and confirmed in all respects as the acts and deeds of the Corporation as if specifically set out in these resolutions; and be it

**RESOLVED, FURTHER**, that the Authorized Persons, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Corporation, to execute and file with the U.S. Securities and Exchange Commission all other schedules, forms, statements, reports, or other documents in connection with the transactions contemplated by the foregoing resolutions as such Authorized Person, in his or her sole discretion, may approve or deem required, necessary, appropriate, or advisable in order to comply fully with the provisions of the Securities Act of 1933, as amended, and the Securities Exchange Act of 1934, as amended, and, in each case, the rules and regulations promulgated thereunder; and that all such schedules, forms, statements, reports or other documents executed and filed at any time in connection with the transactions contemplated by the foregoing resolutions are hereby approved, adopted, ratified, and confirmed in all respects; and be it

**RESOLVED, FURTHER**, that each Authorized Person of the Corporation is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed required, necessary, appropriate, desirable, or advisable in the opinion of such Authorized Person, a true copy of the foregoing resolutions of the Corporation; and be it

**RESOLVED, FURTHER**, that any person dealing with any Authorized Person or persons designated and authorized to act by any such Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person or persons designated and authorized to act by such Authorized Person and by his or her execution of any document, agreement, or instrument, the same to be a valid and binding obligation of the Corporation enforceable in accordance with its terms; and be it

**RESOLVED, FURTHER**, that the signatures of the Authorized Officers or any officer of the Corporation acting at any of their direction in any documents described or contemplated herein may be the facsimile, electronic or .pdf signatures of the Authorized

Officers or such officer and may be imprinted or otherwise reproduced thereon, the Corporation hereby adopting for such purpose each facsimile, electronic or .pdf signature as binding upon it, and in case any Authorized Officer or any officer of the Corporation acting at any of their direction who had signed or whose facsimile, electronic or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Corporation with the same effect as if that person were such officer at the date of issue.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

# EXHIBIT A

**RSA**

**[To be publicly filed]**

**Action by Written Consent of the Authorizing Bodies
of the Transaction Parties**

May 6, 2025

       The undersigned, as set forth on the signature pages hereof, acting pursuant to the applicable statutory and other legal requirements for each of the entities listed in <u>Annex I</u> attached hereto (each, a "<u>Transaction Party</u>"), constitute all of the directors, executive committee members, members, managers or applicable representatives (each, an "<u>Authorizing Body</u>"), as set forth on the signature pages hereof, required by applicable law and the applicable Transaction Party's organizational documents (the "<u>Applicable Requirements</u>") to act for each such Transaction Party, and each and all of the undersigned, acting in accordance with the authority contained in the Applicable Requirements, waiving all notice, do hereby consent to and adopt the resolutions set forth on <u>Exhibit A</u> attached hereto and authorize the taking of actions specified therein without a meeting, by written consent (this "<u>Consent</u>") by each Transaction Party, and all such authorizations of actions by any Transaction Party hereunder shall include actions taken by such Transaction Party on behalf of itself and (if applicable) as a shareholder, member, managing member, manager, general partner, trustee, beneficiary, other controlling or significant interest owner, or other type of representative whether similar to, or different from, the foregoing with the power, alone or together with other such representatives, to take action on behalf of, or to bind, another person.

       This Consent may be executed in counterparts, and all so executed shall constitute one Consent, notwithstanding that all of the directors are not signatories to the original or the same counterpart.

*[Signature pages follow]*

1

This Action by Written Consent of the applicable Authorizing Body of the following entities has been executed as of the date first set forth above.

**WW Health Solutions, Inc.**
**WW North America Holdings, LLC**
**WW.com, LLC**
**W Holdco, Inc.**
**WW Canada Holdco, Inc.**
**Weekend Health, Inc.**
**WW NewCo, Inc.**

_____

Name:  Tara Comonte

_____

Name:  Jacqueline Cooke

_____

Name:  Felicia DellaFortuna

[*Signature page to Guarantor Consent*]

**Annex I**

### Transaction Parties

| Entity Name | Jurisdiction |
| --- | --- |
| WW Health Solutions, Inc. | Delaware |
| WW North America Holdings, LLC | Delaware |
| WW.com, LLC | Delaware |
| W Holdco, Inc. | Delaware |
| WW Canada Holdco, Inc. | Delaware |
| Weekend Health, Inc. | Delaware |
| WW NewCo, Inc. | Virginia |

Each applicable Transaction Party is herein referred to as the "<u>Company</u>" for the purposes of this Exhibit A.

**WHEREAS,** the Board of Directors (the "<u>Parent Board</u>") of WW International, Inc., a Virginia corporation (the "<u>Parent</u>"), and the debt subcommittee of the Parent Board (the "<u>Debt Subcommittee</u>") have each previously discussed at multiple meetings a potential deleveraging transaction to be implemented with support from an ad hoc group of creditors holding more than two-thirds of the aggregate outstanding principal amount of the Parent's term loan facility (the "<u>Term Loan Facility</u>"), the Parent's revolving credit facility (the "<u>Revolving Credit Facility</u>") and the Parent's 4.500% Senior Secured Notes due 2029 (the "<u>Notes</u>") (such holders, the "<u>Ad Hoc Group</u>");

**WHEREAS**, with authorization of and direction by the Parent Board and regular input and direction by the Debt Subcommittee, management of the Parent, with the support of its professional advisors, negotiated with the Ad Hoc Group to come to agreement on such a deleveraging transaction;

**WHEREAS**, after negotiation by management of the Parent and the Parent's advisory team with the Ad Hoc Group, management of the Parent presented a proposed set of terms for certain deleveraging transactions to the Debt Subcommittee (the "<u>Restructuring Transactions</u>") which include: (a) through the Restructuring Transactions, the existing holders of (i) the Term Loan Facility, the Revolving Credit Facility and the Notes will be entitled to receive their pro rata share of (A) $465 million aggregate principal amount of senior secured takeback debt due 2030 (that may be in the form of term loans or notes at the option of the holders) and (B) 91% of the new common equity of the Parent (or its successor) after reorganization in the Restructuring Transactions and (ii) the Parent's existing common stock will be entitled to receive their pro rata share of 9% of the new common equity of the Parent (or its successor) after reorganization in the Restructuring Transactions, (b) through the Restructuring Transactions, the Term Loan Facility, the Revolving Credit Facility and the Notes will be terminated in full and all existing equity of the Parent will be cancelled and (c) the Restructuring Transactions will be implemented through a prepackaged process under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") pursuant to the terms and conditions set forth in the RSA (as defined below);

**WHEREAS**, the Board of Directors (the "<u>Parent Board</u>") of WW International, Inc., a Virginia corporation (the "<u>Parent</u>"), in considering all alternatives, has determined and agrees that it is in the best interest of the Company and its stakeholders to (i) enter into a Restructuring Support Agreement, substantially in the form attached hereto as **Exhibit A** (together with all annexes (including the restructuring term sheet) and exhibits thereto, the "<u>RSA</u>") and (a) file a petition to commence a proceeding (the "<u>Chapter 11 Case</u>") under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and (b) consistent with the RSA, commence solicitation of the Plan (as defined herein) with the Disclosure Statement (as defined herein), (ii) file the chapter 11 plan (together with any exhibits and other attachments annexed thereto, the "<u>Plan</u>") and the associated disclosure statement (together with any exhibits and other attachments annexed thereto, the "<u>Disclosure Statement</u>"), (iii) grant certain adequate protection to the Prepetition Secured Creditors in connection with the use of Cash Collateral (each as defined below), and (iv) retain certain advisors in connection with the foregoing;

**WHEREAS,** the Authorizing Body deems it desirable and in the best interests of the Company and its stakeholders to (i) enter into the RSA and file the Chapter 11 Case under chapter 11 of the Bankruptcy Code, (ii) file the Plan and the Disclosure Statement, (iii) grant certain adequate protection to the Prepetition Secured Creditors in connection with the use of Cash Collateral, and (iv) retain certain advisors in connection with the foregoing.

## I.    Entry into RSA and Commencement of the Chapter 11 Case

**NOW, THEREFORE, BE IT RESOLVED,** that the Authorizing Body, in considering all alternatives, has determined and agrees that it is in the best interest of the Company and its stakeholders to enter into the RSA and to commence solicitation of the Plan consistent with the RSA; and further

**RESOLVED,** that the Authorizing Body, in considering all alternatives, has determined and agrees that it is in the best interest of the Company and its stakeholders to file petitions seeking relief under the provisions of the Bankruptcy Code; and further

**RESOLVED,** that, in accordance with the RSA, any manager, officer, or director of the Company, including the President, any Vice President, the Treasurer, and the Secretary of the Company (each, an "Authorized Person" and, collectively, the "Authorized Persons"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file, in the name and on behalf of the Company, all petitions, schedules, statements, motions, lists, applications, pleadings, and other documents (the "Chapter 11 Filings") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") (with such changes therein and additions thereto as any such Authorized Person may deem required, necessary, appropriate, desirable, or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that such Authorized Person deemed such changes to meet such standard); and further

**RESOLVED,** that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that such Authorized Person deems required, necessary, appropriate, desirable, or advisable in connection with the RSA, the Chapter 11 Case or the Chapter 11 Filings, including (i) to engage and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, (ii) the payment of fees, expenses, and taxes such Authorized Person deems required, necessary, appropriate, desirable or advisable, (iii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, motions, pleadings, applications, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that any such Authorized Person deemed the same to meet such standard); and further

## II.    Filing of Plan and Disclosure Statement

**RESOLVED,** that, pursuant to the recommendation of the Parent Board and the Debt Subcommittee, the Authorizing Body, in considering all alternatives, in connection with the Chapter 11 Case, deems it in the best of interest of the Company and its stakeholders to file the Plan and the Disclosure Statement; and further

**RESOLVED,** that the Authorizing Body hereby delegates to each Authorized Person the authority to approve the form, terms, and provisions of the Plan and the Disclosure Statement and the execution, delivery, and performance thereof and the consummation of the transactions contemplated

thereunder by the Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and further

**RESOLVED**, that any Authorized Person of the Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Plan and the Disclosure Statement together with such other documents, agreements, instruments, notices, and certificates as may be required by the Plan and the Disclosure Statement; and further

**RESOLVED**, that any Authorized Person of the Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Plan and the Disclosure Statement and/or any related documents which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and further

## III.    <u>Cash Collateral and Adequate Protection</u>

**RESOLVED,** that the Authorizing Body, in considering all alternatives, in connection with the Chapter 11 Case, deems it in the best of interest of the Company and its stakeholders to obtain the benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>"), which is security for certain prepetition secured creditors of the Company (collectively, the "<u>Prepetition Secured Creditors</u>"); and further

**RESOLVED**, that, to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company is authorized to provide certain adequate protection to the Prepetition Secured Creditors (the "<u>Adequate Protection Obligations</u>"), as documented in one or more orders of the Bankruptcy Court which authorizes, among other matters, the Company to use Cash Collateral and provide adequate protection to the Prepetition Secured Creditors (the "<u>Cash Collateral Order</u>") with such changes, additions, and modifications thereto as an Authorized Person shall approve; and further

**RESOLVED,** that the Company be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under any Cash Collateral Order; and further

**RESOLVED**, that each Authorized Person of the Company, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of, and performance of, and to prepare and deliver the Cash Collateral Order; and further

**RESOLVED**, that each Authorized Person of the Company, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the Cash Collateral Order and any documents in relation thereto (the "<u>Cash Collateral Documents</u>"), which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable to perform such Company's obligations under or in connection with the Cash Collateral Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and further

**RESOLVED**, that each Authorized Person of the Company, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Company, to execute and

deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable; and further

## IV.    Retention of Advisors

**RESOLVED**, that the Company is hereby authorized to retain the firm of Alvarez & Marsal North America, LLC, located at 600 Madison Avenue, New York, NY 10022, as financial and restructuring advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and further

**RESOLVED**, that the Company is hereby authorized to retain the law firm of Simpson Thacher & Bartlett LLP, located at 425 Lexington Avenue, New York, NY 10017, as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and further

**RESOLVED,** that the Company is hereby authorized to retain the firm of Kroll Restructuring Administration LLC, located at 1 World Trade Center, 31st Floor, New York, NY 10007, as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and further

**RESOLVED**, that the Company is hereby authorized to retain the law firm of Young Conaway Stargatt & Taylor, LLP, located at Rodney Square, 1000 North King Street, Wilmington, DE 19801, as local counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and further

**RESOLVED**, that the Company is hereby authorized to retain the firm of PJT Partners LP, located at 280 Park Avenue, New York, NY 10017, as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and further

**RESOLVED**, that the Company is hereby authorized to retain the firm of Matthews South, LLC, located at 1700 South El Camino Real, Suite 345, San Mateo, CA 94402, as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and further

**RESOLVED**, that the Company is hereby authorized to engage any other professionals as the Authorizing Body or any Authorized Person hereafter determine may be necessary, proper, or advisable to assist the Company in carrying out its duties under the Bankruptcy Code or in the Chapter 11 Case, and all related matters and to take any and all actions to advance the Company's rights and obligations in connection therewith; and further

**RESOLVED**, that the Company is hereby authorized to negotiate, execute, deliver, file and perform any agreement, document, or certificate and to take and perform any and all further acts and deeds (including (i) the payment of any consideration and (ii) the payment of fees, expenses, and taxes) that any Authorized Person deems required, necessary, appropriate, desirable, or advisable in connection with the Company's Chapter 11 Case, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Case; and further

## V.    General Authorization and Ratification

RESOLVED, that any and all past actions heretofore taken by any Authorized Person, manager, officer, or director of the Company, in the name and on behalf of the Company, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and further

RESOLVED, that the Authorized Persons, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Company, to take or cause to be taken all such further actions, including, but not limited to, (i) the negotiation of such additional agreements, joinders, amendments, supplements, consents, waivers, reports, documents, instruments, applications, notes, court pleadings, or certificates, currently unknown but which may be required, (ii) the negotiation of such changes and additions to any agreements, amendments, supplements, consents, waivers, reports, documents, instruments, applications, notes court pleadings, or certificates, currently existing or currently unknown, but which may be required, (iii) the execution, delivery, filing (if applicable), and performance of any of the foregoing, and (iv) the payment of all fees, consent payments, taxes, indemnitees, and other expenses as such Authorized Person, in his or her sole discretion, may approve or deem required, necessary, appropriate, desirable, or advisable in order to carry out the intent and accomplish the purposes of the foregoing resolutions, and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so required, necessary, appropriate, desirable, or advisable; and that all such actions, executions, deliveries, filings and payments taken or made at any time in connection with the transactions contemplated by the foregoing resolutions are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as if specifically set out in these resolutions; and further

RESOLVED, that the Authorized Persons, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Company, to execute and file with the U.S. Securities and Exchange Commission all other schedules, forms, statements, reports, or other documents in connection with the transactions contemplated by the foregoing resolutions as such Authorized Person, in his or her sole discretion, may approve or deem required, necessary, appropriate, or advisable in order to comply fully with the provisions of the Securities Act of 1933, as amended, and the Securities Exchange Act of 1934, as amended, and, in each case, the rules and regulations promulgated thereunder; and that all such schedules, forms, statements, reports or other documents executed and filed at any time in connection with the transactions contemplated by the foregoing resolutions are hereby approved, adopted, ratified, and confirmed in all respects; and be it

RESOLVED, that each Authorized Person of the Company is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed required, necessary, appropriate, desirable, or advisable in the opinion of such Authorized Person, a true copy of the foregoing resolutions of the Company; and further

RESOLVED, that any person dealing with any Authorized Person or persons designated and authorized to act by any such Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person or persons designated and authorized to act by such Authorized Person and by his or her execution of any document, agreement, or instrument, the same to be a valid and binding obligation of the Company enforceable in accordance with its terms; and further

RESOLVED, that the signatures of the Authorized Officers or any officer of the Company acting at any of their direction in any documents described or contemplated herein may be the facsimile, electronic or .pdf signatures of the Authorized Officers or such officer and may be imprinted or otherwise

reproduced thereon, the Company hereby adopting for such purpose each facsimile, electronic or .pdf signature as binding upon it, and in case any Authorized Officer or any officer of the Company acting at any of their direction who had signed or whose facsimile, electronic or .pdf signature has been placed upon a certificate shall have ceased to be such officer before such certificate is issued, such certificate may be issued by the Company with the same effect as if that person were such officer at the date of issue.

***

**EXHIBIT A**

**Restructuring Support Agreement**

**[To be publicly filed]**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WW INTERNATIONAL, INC., *et al.*,[1] | Case No. 25-[___] (   ) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP**
**STATEMENT AND LIST OF EQUITY SECURITY HOLDERS**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor" and, collectively, the "Debtors") hereby state as follows:

1.   The mailing address of Debtor WW International, Inc. ("WW International") and each of the Debtors is 675 Avenue of the Americas, 6th Floor, New York New York 10010.  A list of WW International's equity interest holders, along with the nature of their equity interests and their addresses, is attached hereto as **Exhibit A**.[2]

2.   Debtor WW International owns 100% of the equity interests in the following Debtors:

   a.   Weekend Health, Inc.

   b.   W Holdco, Inc.

   c.   WW Health Solutions, Inc.

   d.   WW.com, LLC ("WW.com")

   e.   WW NewCo, Inc.

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are WW International, Inc. (0273), WW North America Holdings, LLC (6141), WW Canada Holdco, Inc. (5680), WW.com, LLC (4196), W Holdco, Inc. (4087), WW Health Solutions, Inc. (3859), Weekend Health, Inc. (6812), and WW NewCo, Inc. (N/A).  The Debtors' headquarters is located at 675 Avenue of the Americas, 6th Floor, New York, NY 10010.

[2]   **Exhibit A** hereto shows that the Debtors had 80,256,135 shares of common stock outstanding as of April 2, 2025. On April 2, 2025, there were 3,607 shares in transit.  Accordingly, the number of shares of common stock outstanding was reported as 80,259,742 in WW International, Inc.'s Schedule 14A filed on April 21, 2025.

3.      Debtor WW International owns 91% of the equity interests in Debtor WW North America Holdings, LLC ("<u>WW North America</u>").

4.      Debtor WW.com owns 9% of the equity interests in Debtor WW North America.

5.      Debtor WW North America owns 100% of the equity interests in Debtor WW Canada Holdco, Inc.

## Exhibit A

**WW International, Inc.'s Equity Interest Holders**

# In the United States Bankruptcy Court
## for the District of Delaware

In re    **WW International, Inc.**, *et al.*

Debtor(s)

Case No.

Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

The following is the list of the Debtor's equity security holders, which is prepared in accordance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **70 SANTIAGO PARTNERSHIP L P**<br>**70 SANTIAGO AVENUE**<br>**APT 9C**<br>**ATHERTON CA 94027** | **Common Shares** | **1845** | **Rule 144 Common** |
| **AFIZA REHMAN**<br>**ADDRESS ON FILE** | **Common Shares** | **18** | **Common** |
| **AKEIRA M GREEN**<br>**ADDRESS ON FILE** | **Common Shares** | **93.070938** | **Direct Stock** |
| **ALAN ARGONDIZZA**<br>**ADDRESS ON FILE** | **Common Shares** | **26636** | **Common** |
| **ALFATIR CRAWFORD**<br>**ADDRESS ON FILE** | **Common Shares** | **3.98152** | **Direct Stock** |
| **ALISA FELDMAN**<br>**ADDRESS ON FILE** | **Common Shares** | **10** | **Common** |
| **ALISON CRYSTAL DEBOSE**<br>**ADDRESS ON FILE** | **Common Shares** | **1.197493** | **Direct Stock** |
| **ALISSA DELMAN**<br>**ADDRESS ON FILE** | **Common Shares** | **480** | **Common** |
| **ALLY MARKS**<br>**ADDRESS ON FILE** | **Common Shares** | **199** | **Common** |
| **AMY BOUCHARD & GARRY BOUCHARD**<br>**ADDRESS ON FILE** | **Common Shares** | **22.83455** | **Direct Stock** |
| **AMY VAN SICKLE**<br>**ADDRESS ON FILE** | **Common Shares** | **25** | **Common** |
| **ANDREW C ROSE**<br>**ADDRESS ON FILE** | **Common Shares** | **666** | **Common** |
| **ANGELA BARNETT BRUMFIELD**<br>**ADDRESS ON FILE** | **Common Shares** | **45** | **Common** |

In re:  **WW International, Inc.,** *et al.*                    Case No. _____
_____
                    Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **ANGELA MANTOVANI** **ADDRESS ON FILE** | **Common Shares** | **63.376289** | **Direct Stock** |
| **ANNE ALLSTADT** **ADDRESS ON FILE** | **Common Shares** | **42** | **Common** |
| **ANNETTE L WARKENTIN** **ADDRESS ON FILE** | **Common Shares** | **1329.764496** | **Direct Stock** |
| **ANNIE MARTINO** **ADDRESS ON FILE** | **Common Shares** | **165** | **Common** |
| **ANTHONY A VENTURA & KAREN A VENTURA** **ADDRESS ON FILE** | **Common Shares** | **100** | **Common** |
| **ANTHONY FARERI** **ADDRESS ON FILE** | **Common Shares** | **32.144694** | **Direct Stock** |
| **ARVIND KUMAR DHINGRA** **ADDRESS ON FILE** | **Common Shares** | **10** | **Common** |
| **BASSEY ELIMIAN** **ADDRESS ON FILE** | **Common Shares** | **42.721963** | **Direct Stock** |
| **BELINDA J HAMPTON** **ADDRESS ON FILE** | **Common Shares** | **1.273193** | **Direct Stock** |
| **BENJAMIN KUNKLE** **ADDRESS ON FILE** | **Common Shares** | **0.80476** | **Direct Stock** |
| **BERNICE PHILLIPS** **ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **BETTY ALBRITTON** **ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **BEVERLY QUEEN HEBRON** **ADDRESS ON FILE** | **Common Shares** | **5** | **Common** |

In re:  **WW International, Inc.,** *et al.*                                  Case No. _____
_____
                                    Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **BLING CAPITAL FUND II LP C/O BLING CAPITAL LLC 135 PALM AVENUE MIAMI BEACH FL 33139** | **Common Shares** | **318** | **Common** |
| **BRACK BIVINS ADDRESS ON FILE** | **Common Shares** | **23** | **Common** |
| **BREAKAGE CONTROL ACCOUNT C/O COMPUTERSHARES SHARESHOLDER SVCS ATTN ADJUSTMENT MANAGER 150 ROYALL STREET CANTON MA 02021** | **Common Shares** | **1.464758** | **Direct Stock** |
| **BRENDA COBBINS ADDRESS ON FILE** | **Common Shares** | **4** | **Common** |
| **BRIAN A VADEN ADDRESS ON FILE** | **Common Shares** | **44.763342** | **Direct Stock** |
| **BRITTANY KIEGER ADDRESS ON FILE** | **Common Shares** | **132** | **Common** |
| **BRYAN SEXTON & JUDITH HOUSTON SEXTON ADDRESS ON FILE** | **Common Shares** | **47.817063** | **Direct Stock** |
| **CARA FRECH ADDRESS ON FILE** | **Common Shares** | **132** | **Common** |
| **CAROL SACCO ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **CAROLYN B BURTON ADDRESS ON FILE** | **Common Shares** | **10** | **Common** |
| **CAROLYN EPSTEIN ADDRESS ON FILE** | **Common Shares** | **55** | **Common** |
| **CARY TELANDER FORTIN ADDRESS ON FILE** | **Common Shares** | **18** | **Rule 144 Common** |

3

In re: __WW International, Inc., *et al.*_____   Case No. _____

                                    Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| CARYN SHIVELY<br>ADDRESS ON FILE | Common Shares | 48 | Common |
| CATHERINE MCCARTHY<br>ADDRESS ON FILE | Common Shares | 42 | Common |
| CEDE & CO<br>570 WASHINGTON BLVD<br>JERSEY CITY NJ 07310 | Common Shares | 79829595 | Common |
| CHANG-YEE CHIU<br>ADDRESS ON FILE | Common Shares | 89.905149 | Direct Stock |
| CHANIYA SUEBSANGUAN<br>ADDRESS ON FILE | Common Shares | 119 | Common |
| CHARLENE D JONES<br>ADDRESS ON FILE | Common Shares | 48.531704 | Direct Stock |
| CHESTER GRANT SMITH & PATRICIA MARY SMITH<br>ADDRESS ON FILE | Common Shares | 52.902748 | Direct Stock |
| CHRIS FREYTAG<br>ADDRESS ON FILE | Common Shares | 94 | Rule 144 Common |
| CHRIS J WEBBER<br>ADDRESS ON FILE | Common Shares | 129.315892 | Direct Stock |
| CHRIS MUELLER<br>ADDRESS ON FILE | Common Shares | 1 | Common |
| CHRIS SHORT<br>ADDRESS ON FILE | Common Shares | 44 | Common |
| CHRISTINE ANN LARKIN<br>ADDRESS ON FILE | Common Shares | 45 | Common |
| CLARE TIPPETT ROSENBERG<br>ADDRESS ON FILE | Common Shares | 91 | Common |

In re: **WW International, Inc.,** *et al.*                                      Case No. _____

                                    Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **COLD START LLC**<br>**PMB 49993**<br>**228 PARK AVE S**<br>**NEW YORK NY 10003-1502** | **Common Shares** | **14298** | **Common** |
| **CS INVESTMENTS 2022 I LLC**<br>**2875 NE 191 ST STE 500**<br>**AVENTURA FL 33180** | **Common Shares** | **50** | **Common** |
| **CYNTHIA PETERSON**<br>**ADDRESS ON FILE** | **Common Shares** | **16** | **Common** |
| **DAN J CAMPBELL & LISA A CAMPBELL**<br>**ADDRESS ON FILE** | **Common Shares** | **110** | **Common** |
| **DANA CAVINESS MITCHELL**<br>**ADDRESS ON FILE** | **Common Shares** | **45** | **Common** |
| **DANIEL KENEFICK**<br>**ADDRESS ON FILE** | **Common Shares** | **5327** | **Common** |
| **DANIELLE DONDIEGO**<br>**ADDRESS ON FILE** | **Common Shares** | **664** | **Common** |
| **DATTATRAYA DIXIT**<br>**ADDRESS ON FILE** | **Common Shares** | **130** | **Common** |
| **DAVID P GUERRERO**<br>**ADDRESS ON FILE** | **Common Shares** | **5.494776** | **Direct Stock** |
| **DEBBIE CASTRO**<br>**ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **DEBORAH FRANCIS**<br>**ADDRESS ON FILE** | **Common Shares** | **266** | **Common** |
| **DEBORAH TEMPLE**<br>**ADDRESS ON FILE** | **Common Shares** | **0.979199** | **Direct Stock** |
| **DEBRA CARTWRIGHT**<br>**ADDRESS ON FILE** | **Common Shares** | **64** | **Common** |

In re: __**WW International, Inc.,** *et al.*_____    Case No. _____

                                     Debtor(s)

# LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **DEBRA OLKIVES**<br>**ADDRESS ON FILE** | **Common Shares** | **45** | **Common** |
| **DENIS KELLY**<br>**ADDRESS ON FILE** | **Common Shares** | **20121** | **Restricted Common** |
| **DIANA BARNHARDT**<br>**ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **DIANE BAKER**<br>**ADDRESS ON FILE** | **Common Shares** | **45** | **Common** |
| **DIANNA M MCKENNA CUST CATHERINE ANNE MCKENNA UTMA MD**<br>**ADDRESS ON FILE** | **Common Shares** | **10** | **Common** |
| **DONNA HOEFLINGER**<br>**ADDRESS ON FILE** | **Common Shares** | **64** | **Common** |
| **DOROTHY ZAENGLEIN**<br>**ADDRESS ON FILE** | **Common Shares** | **28** | **Common** |
| **DOUGLAS FRINK & PATRICIA FRINK**<br>**ADDRESS ON FILE** | **Common Shares** | **12** | **Common** |
| **DUC TRINH**<br>**ADDRESS ON FILE** | **Common Shares** | **92** | **Common** |
| **DYAN NCHAMUKONG**<br>**ADDRESS ON FILE** | **Common Shares** | **232** | **Common** |
| **DYLAN KEMBLE**<br>**ADDRESS ON FILE** | **Common Shares** | **758** | **Rule 144 Common** |
| **EDWARD HARSEN**<br>**ADDRESS ON FILE** | **Common Shares** | **184.503114** | **Direct Stock** |
| **ELIOT TAUB**<br>**ADDRESS ON FILE** | **Common Shares** | **76** | **Common** |

In re:  **WW International, Inc.,** *et al.*                                    Case No. _____
                        _____
                                    Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **ELIZABETH A SPIEGELMAN & MICHAEL H SPIEGELMAN TR MICHAEL H SPIEGELMAN LIVING TRUST UA 06/27/01 ADDRESS ON FILE** | **Common Shares** | **20** | **Common** |
| **ELIZABETH MCMICHAEL ADDRESS ON FILE** | **Common Shares** | **3540** | **Common** |
| **ELIZABETH SMITH ADDRESS ON FILE** | **Common Shares** | **8.730379** | **Direct Stock** |
| **EUGENE ZELIKMAN ADDRESS ON FILE** | **Common Shares** | **433** | **Common** |
| **EVELYN ANTOINE & LAWRENCE ANTOINE ADDRESS ON FILE** | **Common Shares** | **100** | **Common** |
| **FASHA WOODS ADDRESS ON FILE** | **Common Shares** | **14** | **Common** |
| **FREDERICK CALDWELL ADDRESS ON FILE** | **Common Shares** | **1.79938** | **Direct Stock** |
| **GAIL KAUFFMAN ADDRESS ON FILE** | **Common Shares** | **132** | **Common** |
| **GAYLE MINKE ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **GAYLE PICHT ADDRESS ON FILE** | **Common Shares** | **11** | **Common** |
| **GENEVIEVE NIESON ADDRESS ON FILE** | **Common Shares** | **14.473196** | **Direct Stock** |
| **GEORGE VERNADAKIS ADDRESS ON FILE** | **Common Shares** | **208** | **Common** |
| **GRECHIN SIMON ADDRESS ON FILE** | **Common Shares** | **4.483541** | **Direct Stock** |

In re: __WW International, Inc., *et al.*_____    Case No. _____

Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **H WAYNE ELLIOTT & MARIAN B ELLIOTT** **ADDRESS ON FILE** | **Common Shares** | **103.98648** | **Direct Stock** |
| **HEATHER HUDSON** **ADDRESS ON FILE** | **Common Shares** | **737.907836** | **Direct Stock** |
| **HEATHER LYON** **ADDRESS ON FILE** | **Common Shares** | **32** | **Common** |
| **HELENA E OLKOWSKI** **ADDRESS ON FILE** | **Common Shares** | **10** | **Common** |
| **HOWARD I COHEN** **ADDRESS ON FILE** | **Common Shares** | **25** | **Common** |
| **IRINA ZAULOV** **ADDRESS ON FILE** | **Common Shares** | **50** | **Common** |
| **JACQUELINE ROGERS** **ADDRESS ON FILE** | **Common Shares** | **3.172691** | **Direct Stock** |
| **JACQUIE A CODDING** **ADDRESS ON FILE** | **Common Shares** | **1** | **Common** |
| **JAGANATHAN CHELLADURAI & PARAMESHWARI CHELLADURAI** **ADDRESS ON FILE** | **Common Shares** | **10.028881** | **Direct Stock** |
| **JAHNSHANA BROWN** **ADDRESS ON FILE** | **Common Shares** | **1.351902** | **Direct Stock** |
| **JAMES GLENN** **ADDRESS ON FILE** | **Common Shares** | **13.719742** | **Direct Stock** |
| **JAMES NELSON** **ADDRESS ON FILE** | **Common Shares** | **1773** | **Common** |
| **JAMES P MANSINNE & MARIAN MANSINNE** **ADDRESS ON FILE** | **Common Shares** | **1** | **Common** |

In re:  **WW International, Inc.,** *et al.*                                    Case No. _____

_____
                    Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **JAMES R PURGERSON JR**<br>**ADDRESS ON FILE** | **Common Shares** | **10** | **Common** |
| **JAMES WILSON & KAYLIN WILSON**<br>**ADDRESS ON FILE** | **Common Shares** | **207.372231** | **Direct Stock** |
| **JAN D ALESSANDRO**<br>**ADDRESS ON FILE** | **Common Shares** | **379** | **Rule 144 Common** |
| **JAN GIHA**<br>**ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **JANE GUTOSKI**<br>**ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **JANET PRETE**<br>**ADDRESS ON FILE** | **Common Shares** | **87** | **Common** |
| **JEANETTA HARRIS**<br>**ADDRESS ON FILE** | **Common Shares** | **5.245399** | **Direct Stock** |
| **JENNIFER HEIDEL & RALPH HEIDEL**<br>**ADDRESS ON FILE** | **Common Shares** | **6.346593** | **Direct Stock** |
| **JENNIFER MITCHELL**<br>**ADDRESS ON FILE** | **Common Shares** | **16** | **Common** |
| **JENNIFER SWAIN**<br>**ADDRESS ON FILE** | **Common Shares** | **17.002577** | **Direct Stock** |
| **JENNIFER TANGREDI**<br>**ADDRESS ON FILE** | **Common Shares** | **5** | **Common** |
| **JEROME CUTHBERT**<br>**ADDRESS ON FILE** | **Common Shares** | **58.72972** | **Direct Stock** |
| **JESUS E GARCIA**<br>**ADDRESS ON FILE** | **Common Shares** | **3.364486** | **Direct Stock** |
| **JOANNA WHITE**<br>**ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |

In re:  **WW International, Inc.,** *et al.*                                    Case No. _____

_____
                    Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **JOHN JOSEPH CONROY & JOYCE NAOMI CONROY**<br>**ADDRESS ON FILE** | **Common Shares** | **1238.537051** | **Direct Stock** |
| **JOHN L PEARSON & ANNETTE M PEARSON**<br>**ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **JOHN MORR**<br>**ADDRESS ON FILE** | **Common Shares** | **202** | **Common** |
| **JOHN S CARPENTER**<br>**ADDRESS ON FILE** | **Common Shares** | **1.122558** | **Direct Stock** |
| **JONATHAN VOLKMANN**<br>**ADDRESS ON FILE** | **Common Shares** | **106547** | **Common** |
| **JORDAN A SCHIMMEL**<br>**ADDRESS ON FILE** | **Common Shares** | **0.380682** | **Direct Stock** |
| **JULIAN JORDAN**<br>**ADDRESS ON FILE** | **Common Shares** | **1106** | **Common** |
| **JULIE BORNSTEIN**<br>**ADDRESS ON FILE** | **Common Shares** | **49686** | **Restricted Common** |
| **JULIE MICHEL**<br>**ADDRESS ON FILE** | **Common Shares** | **45** | **Common** |
| **JULIE RICE**<br>**ADDRESS ON FILE** | **Common Shares** | **50899** | **Common** |
| **JULIE SCHOFF**<br>**ADDRESS ON FILE** | **Common Shares** | **39.323467** | **Direct Stock** |
| **JULIE STRAUSS**<br>**ADDRESS ON FILE** | **Common Shares** | **45** | **Common** |
| **JUNE SALMINEN**<br>**ADDRESS ON FILE** | **Common Shares** | **45** | **Common** |

10

In re:  **WW International, Inc.,** *et al.*                          Case No. _____
_____
                    Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **JUSTIN WROBLEWSKI** **ADDRESS ON FILE** | **Common Shares** | **6.371613** | **Direct Stock** |
| **KARIN POISSON** **ADDRESS ON FILE** | **Common Shares** | **185** | **Common** |
| **KATHLEEN HELEN VAN NECK** **ADDRESS ON FILE** | **Common Shares** | **2** | **Common** |
| **KATHLEEN MCMINN** **ADDRESS ON FILE** | **Common Shares** | **107** | **Common** |
| **KATHLEEN MORRISON** **ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **KATHY CAMPILIO FORTE** **ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **KATHY VANNECK** **ADDRESS ON FILE** | **Common Shares** | **9** | **Common** |
| **KATHY VARGO** **ADDRESS ON FILE** | **Common Shares** | **16** | **Common** |
| **KATRINA MCKISSICK** **ADDRESS ON FILE** | **Common Shares** | **132** | **Common** |
| **KERRY PATRICIA VENEZIANO** **ADDRESS ON FILE** | **Common Shares** | **10** | **Common** |
| **KEVIN J LEAHY** **ADDRESS ON FILE** | **Common Shares** | **208.084947** | **Direct Stock** |
| **KIMBERLY CONNORS** **ADDRESS ON FILE** | **Common Shares** | **132** | **Common** |
| **KIMBERLY PERRY** **ADDRESS ON FILE** | **Common Shares** | **2** | **Common** |
| **KRISTI WIDMAR** **ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |

In re:  **WW International, Inc.,** *et al.*                     Case No. _____

_____
                 Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **KRISTIN B HAHN** **ADDRESS ON FILE** | **Common Shares** | **1.258408** | **Direct Stock** |
| **KRISTY JARON** **ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **KYLEE ETTER** **ADDRESS ON FILE** | **Common Shares** | **165** | **Common** |
| **LARRY EDWARDS & LAURA PETTIFORD-EDWARDS** **ADDRESS ON FILE** | **Common Shares** | **1** | **Common** |
| **LATONYA CROFF** **ADDRESS ON FILE** | **Common Shares** | **153.90491** | **Direct Stock** |
| **LAURA MEYER** **ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **LAUVENIA BARNES** **ADDRESS ON FILE** | **Common Shares** | **4.055445** | **Direct Stock** |
| **LEON J WHITE & GAIL M WHITE** **ADDRESS ON FILE** | **Common Shares** | **63.820912** | **Direct Stock** |
| **LINDA BURKHART** **ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **LINDA GUANGORENA** **ADDRESS ON FILE** | **Common Shares** | **48** | **Common** |
| **LINDA LAU** **ADDRESS ON FILE** | **Common Shares** | **20** | **Common** |
| **LINDA MCHUGH** **ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **LISA CHERNICK** **ADDRESS ON FILE** | **Common Shares** | **27** | **Common** |
| **LISA CROOK MUELHAUSEN** **ADDRESS ON FILE** | **Common Shares** | **45** | **Common** |

In re: **WW International, Inc.,** *et al.*                    Case No. _____
                          Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **LISA REBMAN**<br>**ADDRESS ON FILE** | **Common Shares** | **62** | **Common** |
| **LISA TWIDWELL**<br>**ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **LISETTA KACEROVSKIS**<br>**ADDRESS ON FILE** | **Common Shares** | **89** | **Common** |
| **LOIS JANE EDWARDS CUST JAYNE ELYSE GREEN UTMA MI**<br>**ADDRESS ON FILE** | **Common Shares** | **50** | **Common** |
| **LUCIE BERGERON**<br>**ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **LYNN LANGLEY-LYONS**<br>**ADDRESS ON FILE** | **Common Shares** | **188.094973** | **Direct Stock** |
| **LYNN M SKELTON**<br>**ADDRESS ON FILE** | **Common Shares** | **5** | **Common** |
| **MARIA BUGLER**<br>**ADDRESS ON FILE** | **Common Shares** | **42** | **Common** |
| **MARIA MILLS**<br>**ADDRESS ON FILE** | **Common Shares** | **35** | **Common** |
| **MARIANNE HERDINA STANTON**<br>**ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **MARK MASTRANDREA**<br>**ADDRESS ON FILE** | **Common Shares** | **204** | **Common** |
| **MARLENA C PEGULA**<br>**ADDRESS ON FILE** | **Common Shares** | **97.483821** | **Direct Stock** |
| **MARLENA C PEGULA**<br>**ADDRESS ON FILE** | **Common Shares** | **102.429511** | **Direct Stock** |

In re: **WW International, Inc.,** *et al.*                              Case No. _____
_____
                                        Debtor(s)

# LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **MARLENA PEGULA** **ADDRESS ON FILE** | **Common Shares** | **96.143828** | **Direct Stock** |
| **MARLENE HOLLOWAY** **ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **MARSHALL WOLF** **ADDRESS ON FILE** | **Common Shares** | **1** | **Common** |
| **MARY MANN** **ADDRESS ON FILE** | **Common Shares** | **16** | **Common** |
| **MATTHEW V RUDORFER & LAURIE S RUDORFER** **ADDRESS ON FILE** | **Common Shares** | **25** | **Common** |
| **MAURICE L POWE** **ADDRESS ON FILE** | **Common Shares** | **0.985672** | **Direct Stock** |
| **MICHAEL G COYLE CUST LAYLA GRACE SAUNDERS MD CUST UTMA MD** **ADDRESS ON FILE** | **Common Shares** | **138.567426** | **Direct Stock** |
| **MICHAEL G COYLE MD** **ADDRESS ON FILE** | **Common Shares** | **1568.092231** | **Direct Stock** |
| **MICHAEL LABARBERA** **ADDRESS ON FILE** | **Common Shares** | **1** | **Common** |
| **MICHELLE HERNANDEZ** **ADDRESS ON FILE** | **Common Shares** | **199** | **Common** |
| **MICHELLE L CRAW & MICHAEL J CRAW** **ADDRESS ON FILE** | **Common Shares** | **587.474769** | **Direct Stock** |
| **MICHELLE WILSON** **ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **MYRON K CARREATHERS MO** **ADDRESS ON FILE** | **Common Shares** | **5** | **Common** |

In re:  **WW International, Inc.,** *et al.*        Case No. _____

Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **NANCY L MURPHY**<br>**ADDRESS ON FILE** | **Common Shares** | **96** | **Common** |
| **NANCY LOBRACE**<br>**ADDRESS ON FILE** | **Common Shares** | **47** | **Common** |
| **NANCY MACK**<br>**ADDRESS ON FILE** | **Common Shares** | **5** | **Common** |
| **NANCY SWANSON THOMPSON**<br>**ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **NATHALIE ETIENNE**<br>**ADDRESS ON FILE** | **Common Shares** | **279** | **Common** |
| **NATHAN SHULAK CUST MAX SHULAK UTMA OH**<br>**ADDRESS ON FILE** | **Common Shares** | **5.624879** | **Direct Stock** |
| **NAVIN HADGE**<br>**ADDRESS ON FILE** | **Common Shares** | **60** | **Common** |
| **NETTYE JOHNSON**<br>**ADDRESS ON FILE** | **Common Shares** | **45** | **Common** |
| **NICOLE BOYER & NATHAN BOYER**<br>**ADDRESS ON FILE** | **Common Shares** | **33.44224** | **Direct Stock** |
| **NICOLE WOODS**<br>**ADDRESS ON FILE** | **Common Shares** | **207** | **Common** |
| **NOREEN R HANNAMAN TOD JAMES J HANNAMAN**<br>**ADDRESS ON FILE** | **Common Shares** | **33** | **Common** |
| **OLIVIA JONES & STEVEN JONES**<br>**ADDRESS ON FILE** | **Common Shares** | **100** | **Common** |
| **PARETO HOLDINGS LLC**<br>**3165 CENTER ST**<br>**APT 2**<br>**MIAMI FL 33133** | **Common Shares** | **14298** | **Common** |

In re:  **WW International, Inc.,** *et al.*                                   Case No. _____
_____
                                     Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **PAUL MILLER & TRACY MILLER**<br>**ADDRESS ON FILE** | **Common Shares** | **108.626373** | **Direct Stock** |
| **PAUL WENDELBOE**<br>**ADDRESS ON FILE** | **Common Shares** | **19.724785** | **Direct Stock** |
| **PCL INVESTMENT OPPORTUNITIES LLC**<br>**14261 SW 120TH ST**<br>**STE 108611**<br>**MIAMI FL 33186** | **Common Shares** | **3686** | **Common** |
| **PEGGY BUMPUS**<br>**ADDRESS ON FILE** | **Common Shares** | **45** | **Common** |
| **PENELOPE ORR**<br>**ADDRESS ON FILE** | **Common Shares** | **20.941781** | **Direct Stock** |
| **PING-HAO LU**<br>**ADDRESS ON FILE** | **Common Shares** | **112** | **Common** |
| **RAJIT MARWAH**<br>**ADDRESS ON FILE** | **Common Shares** | **105** | **Common** |
| **RAQUEL RICHARDSON**<br>**ADDRESS ON FILE** | **Common Shares** | **135** | **Common** |
| **REBECCA MARNELL**<br>**ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **REBECCA WATSON**<br>**ADDRESS ON FILE** | **Common Shares** | **16.82409** | **Direct Stock** |
| **RENEE MILSTEIN**<br>**ADDRESS ON FILE** | **Common Shares** | **14** | **Common** |
| **RICH SALTZMAN**<br>**ADDRESS ON FILE** | **Common Shares** | **0.72825** | **Direct Stock** |
| **RICHARD HANDSCOMBE**<br>**ADDRESS ON FILE** | **Common Shares** | **147** | **Common** |

In re: __WW International, Inc.,__ _et al._                    Case No. _____

                                                      Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **RICHARD M SONES & ROSALIE T SONES** **ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **ROBERT MYERS** **ADDRESS ON FILE** | **Common Shares** | **90.968037** | **Direct Stock** |
| **ROBERT NELSON** **ADDRESS ON FILE** | **Common Shares** | **5** | **Common** |
| **ROBERTA EWERT** **ADDRESS ON FILE** | **Common Shares** | **60** | **Common** |
| **ROBERTA GEORGE** **ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **ROBIN CARTWRIGHT** **ADDRESS ON FILE** | **Common Shares** | **37.42198** | **Direct Stock** |
| **ROGER SCHMITT** **ADDRESS ON FILE** | **Common Shares** | **342.967991** | **Direct Stock** |
| **RONALD E ROSE** **ADDRESS ON FILE** | **Common Shares** | **100** | **Common** |
| **RONDA WILLIAMS & ELAINE WILLIAMS** **ADDRESS ON FILE** | **Common Shares** | **270.728945** | **Direct Stock** |
| **ROSALIND WRIGHT** **ADDRESS ON FILE** | **Common Shares** | **120.597845** | **Direct Stock** |
| **ROSEANNE ROBINSON** **ADDRESS ON FILE** | **Common Shares** | **4.066015** | **Direct Stock** |
| **SAL RUBINO** **ADDRESS ON FILE** | **Common Shares** | **302** | **Common** |
| **SAMANTHA SEICHTER** **ADDRESS ON FILE** | **Common Shares** | **165** | **Common** |

In re:   **WW International, Inc.,** *et al.*                     Case No. _____
_____
                                    Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **SANDY CISNEROS**<br>**ADDRESS ON FILE** | **Common Shares** | **1.241189** | **Direct Stock** |
| **SARAH CRAVETZ KLEINGHANDLER**<br>**ADDRESS ON FILE** | **Common Shares** | **180** | **Common** |
| **SCOTT SHOURECK & JEAN FRANCOIS PILON**<br>**ADDRESS ON FILE** | **Common Shares** | **660.329347** | **Direct Stock** |
| **SHANNON OVERTON**<br>**ADDRESS ON FILE** | **Common Shares** | **132** | **Common** |
| **SHARA L ERDIE**<br>**ADDRESS ON FILE** | **Common Shares** | **80.739958** | **Direct Stock** |
| **SHARNA BORSELLINO**<br>**ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **SHARON LAUGHLIN**<br>**ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **SHAUNA STROUD**<br>**ADDRESS ON FILE** | **Common Shares** | **73.639472** | **Direct Stock** |
| **SIBYLLE GEORGIANA**<br>**ADDRESS ON FILE** | **Common Shares** | **8** | **Common** |
| **STACY FANCHIN & FRANK JAMES FANCHIN**<br>**ADDRESS ON FILE** | **Common Shares** | **371.661844** | **Direct Stock** |
| **STATE OF FLORIDA**<br>**BUREAU OF UNCLAIMED PROPERTY**<br>**C/O AVENU INSIGHTS & ANALYTICS**<br>**ATTN CUSTODY DEPARTMENT**<br>**100 HANCOCK STREET 10TH FLOOR**<br>**QUINCY MA 02171** | **Common Shares** | **111** | **Common** |
| **STEFANY SHAW**<br>**ADDRESS ON FILE** | **Common Shares** | **1.025773** | **Direct Stock** |

In re: __WW International, Inc., *et al.*_____     Case No. _____
                                    Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **STEPHAN REA**<br>**ADDRESS ON FILE** | **Common Shares** | **30** | **Common** |
| **STEVEN ALTSCHULER**<br>**ADDRESS ON FILE** | **Common Shares** | **27913** | **Restricted Common** |
| **SUSAN BAIER**<br>**ADDRESS ON FILE** | **Common Shares** | **1362.873896** | **Direct Stock** |
| **SUSAN TAYLOR**<br>**ADDRESS ON FILE** | **Common Shares** | **16** | **Common** |
| **SUSAN WITZE**<br>**ADDRESS ON FILE** | **Common Shares** | **11** | **Common** |
| **SYREETA WILLIAMS**<br>**ADDRESS ON FILE** | **Common Shares** | **111.80187** | **Direct Stock** |
| **TED FLYNN**<br>**ADDRESS ON FILE** | **Common Shares** | **11373.82969** | **Direct Stock** |
| **THERESA BECKER**<br>**ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **THILO SEMMELBAUER**<br>**ADDRESS ON FILE** | **Common Shares** | **9691** | **Restricted OCEO Common** |
| **THILO SEMMELBAUER**<br>**ADDRESS ON FILE** | **Common Shares** | **29824** | **Restricted Common** |
| **THOMAS A GLECKLER CUST**<br>**NICHOLAS W GLECKER UGMA CT**<br>**ADDRESS ON FILE** | **Common Shares** | **10** | **Common** |
| **THOMAS WIDOR**<br>**ADDRESS ON FILE** | **Common Shares** | **100** | **Common** |
| **TODD ERIC WILLIAMS**<br>**ADDRESS ON FILE** | **Common Shares** | **11.828499** | **Direct Stock** |

In re: __WW International, Inc., *et al.*_____     Case No. _____

Debtor(s)

## LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **TORRENCE A HOLLOWAY BERNADINE PENNINGTON ADDRESS ON FILE** | **Common Shares** | **100** | **Common** |
| **TRACEY D BROWN ADDRESS ON FILE** | **Common Shares** | **23394** | **Restricted Common** |
| **TYNIECE MOBLEY ADDRESS ON FILE** | **Common Shares** | **165** | **Common** |
| **VERA ROSENOW ADDRESS ON FILE** | **Common Shares** | **45** | **Common** |
| **VERNA BURNS ADDRESS ON FILE** | **Common Shares** | **16.621945** | **Direct Stock** |
| **VIDYA MAJUMDAR ADDRESS ON FILE** | **Common Shares** | **112** | **Common** |
| **VIRGINIA WHALEY ADDRESS ON FILE** | **Common Shares** | **15** | **Common** |
| **WIJAHAT RIYAZ & HUMA WIJAHAT ADDRESS ON FILE** | **Common Shares** | **1.048409** | **Direct Stock** |

Fill in this information to identify the case:

Debtor name: WW INTERNATIONAL, INC., *et al.*

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | GROUPM WORLDWIDE, LLC DBA MINDSHARE USA LLC 3 WORLD TRADE CENTER 175 GREENWICH ST NEW YORK, NY 10007 UNITED STATES | LESSER, BRIAN CHIEF EXECUTIVE OFFICER EMAIL - BRIAN.LESSER@GROUPM.COM PHONE - 212-297-8181 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | $ 2,892,541 |
| 2 | REDDIT, INC. 548 MARKET ST SAN FRANCISCO, CA 94104 UNITED STATES | HUFFMAN, STEVEN CHIEF EXECUTIVE OFFICER EMAIL - STEVEH@REDDIT.COM PHONE - 415-666-2330 FAX - N/A | TRADE PAYABLE | | | | $ 2,168,631 |
| 3 | THE TRADE DESK, INC. 42 NORTH CHESTNUT STREET VENTURA, CA 93001 UNITED STATES | GREEN, JEFFREY CHIEF EXECUTIVE OFFICER EMAIL - JEFF.GREEN@THETRADEDESK.COM PHONE - 805-585-3434 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | $ 2,029,618 |
| 4 | OLYMPIA PHARMACEUTICALS 6700 CONROY ROAD SUITE 155 ORLANDO, FL 32835 UNITED STATES | MIKHAEL, MARK CHIEF EXECUTIVE OFFICER EMAIL - MARK@OLYMPIAPHARMACY.COM PHONE - 407-673-2222 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | $ 1,965,200 |
| 5 | IMPACT TECH, INC. 136 MADISON AVE FL 10 NEW YORK, NY 10016 UNITED STATES | YOVANNO, DAVID A CHIEF EXECUTIVE OFFICER EMAIL - DAVID.YOVANNO@IMPACT.COM PHONE - 917-720-2883 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | $ 895,336 |
| 6 | CINDY NEWMAN ET AL 611 WILSHIRE BOULEVARD SUITE 315 LOS ANGELES, CA 90017 UNITED STATES | TODD, KYLE C/O KYLE TODD, P.C. EMAIL - KYLE@KYLETODD.COM PHONE - 323-208-9171 FAX - N/A | LITIGATION | CONTINGENT | | | $ 630,000 |
| 7 | BRAZE, INC. 63 MADISON BUILDING 28 E. 28TH ST FLOOR 12 MAILROOM NEW YORK, NY 10016 UNITED STATES | MAGNUSON, WILLIAM CO-FOUNDER AND CHIEF EXECUTIVE OFFICER EMAIL - WILLIAMCEO@BRAZE.COM PHONE - 609-964-0585 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | $ 593,561 |
| 8 | MOVABLE, INC. 5 BRYANT PARK 6TH FLOOR NEW YORK, NY 10018 UNITED STATES | SHARMA, VIVEK CO-FOUNDER AND CHIEF EXECUTIVE OFFICER EMAIL - VSHARMA@MOVABLEINK.COM PHONE - 203-359-8500 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | $ 566,419 |
| 9 | AMAZON WEB SERVICES, INC. 2127 7TH AVE. SEATTLE, WA 98109 UNITED STATES | JASSY, ANDY PRESEIDENT AND CHIEF EXECUTIVE OFFICER EMAIL - JASSYA@AMAZON.COM PHONE - 206-266-1000 FAX - 206-266-1821 | TRADE PAYABLE | | | | $ 534,215 |
| 10 | PEBBLEPOST, INC 119 W 24TH ST FLOOR 5 NEW YORK, NY 10011 UNITED STATES | ROSS, JACOB CHIEF EXECUTIVE OFFICER EMAIL - JACOB@PEBBLEPOST.COM PHONE - 855-737-0730 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | $ 445,463 |
| 11 | OGILVY GROUP, LLC 175 GREENWICH STREET NEW YORK, NY 10007 UNITED STATES | BULCHANDANI, DEVIKA CHIEF EXECUTIVE OFFICER EMAIL - DEVIKA.BULCHANDANI@OGILVY.COM PHONE - 212-237-4000 FAX - N/A | TRADE PAYABLE | | | | 387,800 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | ILLUMIN HOLDINGS INC. 70 UNIVERSITY AVE SUITE 1200 TORONTO, ON  M5J 2M4 CANADA | HAYEK, TAL CO-FOUNDER AND CHIEF EXECUTIVE OFFICEER EMAIL - TAL.HAYEK@ILLUMIN.COM PHONE - 1-416-218-9888 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | $                386,270 |
| 13 | AMPLITUDE, INC 201 3RD STREET SUITE 200 SAN FRANCISCO, CA  94103 UNITED STATES | SKATES, SPENSER CHIEF EXECUTIVE OFFICER AND CO-FOUNDER EMAIL - SPENSER@AMPLITUDE.COM PHONE - 212-252-2198 FAX - N/A | TRADE PAYABLE | | | | $                325,903 |
| 14 | LINKEDIN CORPORATION 1000 W MAUDE AVE SUNNYVALE, CA  94085 UNITED STATES | ROSLANSKY, RYAN CHIEF EXECUTIVE OFFICER EMAIL - RROSLANSKY@LINKEDIN.COM PHONE - 650-687-3600 FAX - 650-687-0505 | TRADE PAYABLE | | | | $                311,727 |
| 15 | THE BURSON GROUP LLC 3 WORLD TRADE CENTER 175 GREENWICH NEW YORK, NY  10007 UNITED STATES | DUBROWA, COREY CHIEF EXECUTIVE OFFICER EMAIL - COREY.DUBROWA@BURSONGLOBAL.COM PHONE - 206-318-7444 FAX - N/A | TRADE PAYABLE | | | | $                295,000 |
| 16 | SPOTIFY USA, INC 150 GREENWICH ST NEW YORK, NY  10007 UNITED STATES | EK, DANIEL CHAIRMAN AND CHIEF EXECUTIVE OFFICER EMAIL - DANIEL@SPOTIFY.COM PHONE - 203-318-9700 FAX - N/A | TRADE PAYABLE | | | | $                281,666 |
| 17 | HIGHTOUCH 2211 MISSION ST UNIT B SAN FRANCISCO, CA  94110 | GUPTA, KASHISH CO-FOUNDER AND CO-CHIEF EXECUTIVE OFFICER EMAIL - KASHIHGUPTA@HIGHTOUCH.IO PHONE - 678-896-2554 FAX - N/A | TRADE PAYABLE | | | | $                278,830 |
| 18 | TABOOLA.COM LTD 16 MADISON SQ W 7TH & 8TH FLOOR NEW YORK, NY  10010 UNITED STATES | SINGOLDA, ADAM FOUNDER AND CHIEF EXECUTIVE OFFICER EMAIL - ADAM@TABOOLA.COM PHONE - 212-206-7663 FAX - N/A | TRADE PAYABLE | | | | $                227,361 |
| 19 | FUNDAMENTALCO LLC 234 CLINTON ST BROOKLYN, NY  11201 UNITED STATES | D'ESTRADA, MICHAEL CHIEF FINANCIAL OFFICER EMAIL - MDESTRADA@FUNDAMENTAL.CO PHONE - 917-237-8888 FAX - N/A | TRADE PAYABLE | | | | $                166,667 |
| 20 | APPLE INC. 1 APPLE PARK WAY CUPERTINO, CA  95014 UNITED STATES | COOK, TIMOTHY CHIEF EXECUTIVE OFFICER EMAIL - TCOOK@APPLE.COM PHONE - 408-996-1010 FAX - 408-974-2113 | TRADE PAYABLE | UNLIQUIDATED | | | $                136,406 |
| 21 | GREENHOUSE SOFTWARE, INC. 228 PARK AVE S PMB 14744 NEW YORK, NY  10003-1502 UNITED STATES | CHAIT, DANIEL CHIEF EXECUTIVE OFFICER EMAIL - D.CHAIT@GREENHOUSE.IO PHONE - 516-623-8283 FAX - N/A | TRADE PAYABLE | | | | $                117,201 |
| 22 | CVS CAREMARK 1 CVS DR WOONSOCKET, RI  02895 UNITED STATES | JOYNER, DAVID PRESIDENT AND CHIEF EXECUTIVE OFFICER EMAIL - DAVID.JOYNER@CVSHEALTH.COM PHONE - 469-524-7201 | TRADE PAYABLE | | | | $                100,836 |
| 23 | MEDIX STAFFING SOLUTIONS, LLC 1301 WEST 22ND STREET SUITE 1000 OAK BROOK, IL  60523 UNITED STATES | LIMOURIS, ANDREW FOUNDER, PRESIDENT AND CHIEF EXECUTIVE OFFICER EMAIL - PURPOSEFULCEO@MEDIXTEAM.COM PHONE - 630-725-9041 FAX - N/A | TRADE PAYABLE | | | | $                100,336 |
| 24 | ADSWERVE, INC. 999 18TH STREET SUITE 2301N DENVER, CO  80202 UNITED STATES | BERDUSCO, ROGER CHIEF EXECUTIVE OFFICER EMAIL - ROGER.BERDUSCO@ADSWERVE.COM PHONE - 720.242.9837 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | $                  29,132 |
| 25 | GOOGLE LLC 1600 AMPHITHEATRE PARKWAY MOUNTAIN VIEW, CA  94043 UNITED STATES | PICHAI, SUNDAR CHIEF EXECUTIVE OFFICER EMAIL - SUNDAR@GOOGLE.COM PHONE - 650-253-0000 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | UNDETERMINED |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | META PLATFORMS, INC. 1 HACKER WAY MENLO PARK, CA 94025 UNITED STATES | ZUCKERBERG, MARK CHIEF EXECUTIVE OFFICER EMAIL - MARKZUCKERBERG@FB.COM PHONE - 650-543-4800 FAX - 650-543-4801 | TRADE PAYABLE | UNLIQUIDATED | | | UNDETERMINED |
| 27 | HULU, LLC 2500 BROADWAY SANTA MONICA, CA 90404 UNITED STATES | EARLEY, JOE PRESIDENT EMAIL - JOE.EARLEY@HULU.COM PHONE - 310-571-4700 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | UNDETERMINED |
| 28 | ASPIRE KHALIL SWEISS COMPLEX QUEEN RANIA ST 120 AMMAN, JN 11181 JORDAN | SHAH, KAUSHAL FOUNDER AND MANAGING DIRECTOR EMAIL - KSHAH@ASPIRE.JO PHONE - 962-6-516-3046 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | UNDETERMINED |
| 29 | MICROSOFT CORPORATION 1 MICROSOFT WAY REDMOND, WA 98052 UNITED STATES | NADELLA, SATYA CHIEF EXECUTIVE OFFICER EMAIL - SATYA.NADELLA@MICROSOFT.COM PHONE - 425-882-8080 FAX - 425-936-7329 | TRADE PAYABLE | UNLIQUIDATED | | | UNDETERMINED |
| 30 | THE BINDERY LLC 227 WEST 29TH STREET 5TH FLOOR NEW YORK, NY 10001 UNITED STATES | BEAUCHAMP, GREG FOUNDER AND CHIEF EXECUTIVE OFFICER EMAIL - GREG@BINDERYNYC.COM PHONE - 607-589-4735 FAX - N/A | TRADE PAYABLE | UNLIQUIDATED | | | UNDETERMINED |

**Fill in this information to identify the case and this filing:**

Debtor Name  WW International, Inc., *et al.*

United States Bankruptcy Court for the: _____  District of __Delaware__
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* ____

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒  Other document that requires a declaration  Consolidated Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __05/06/2025__          ✘  __/s/ Felicia DellaFortuna__
MM / DD / YYYY                   Signature of individual signing on behalf of debtor

__Felicia DellaFortuna__
Printed name

__Chief Financial Officer__
Position or relationship to debtor